IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN H. PERSINGER

and

BRIANNE L. PERSINGER

        Plaintiffs,

v.

        Case No.: 11-CV-2289 CM/KMH

MEDIATION RECOVERY CENTER, INC.,

        Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiffs reside within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

8. Plaintiffs John and Brianne Persinger are natural persons.

9. Plaintiffs reside in the City of Overland Park, County of Johnson, State of Kansas.

10. The Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. The Plaintiffs are each an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

12. Defendant, Mediation Recovery Center, Inc. is a foreign corporation with no listed Kansas resident agent.

13. Defendant maintains an Illinois resident agent of Timothy Luetkebuenger, 529 N. 6th Street, Dekalb, Illinois 60115.

14. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. The principal business of the Defendant is the collection of debts using the mails and telephone.

16. Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

17. Sometime prior to the filing of the instant action, the Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

18. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The Account went into default with the original creditor.

20. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiffs dispute the Account.

22. The Plaintiffs request that the Defendant cease all further communication on the Account.

23. The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

24. In the year prior to the filing of the instant action the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiffs left voicemail messages for the Plaintiffs.

25. The purpose of these telephone calls and voicemail messages was to attempt to collect the Account.

26. The telephone calls and voicemail messages conveyed information regarding the Account directly or indirectly to the Plaintiffs.

27. The telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

28. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiffs was to attempt to collect the Account.

29. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant left voicemail messages for the Plaintiffs was to attempt to collect the Account.

30. Upon information and belief, Defendant possesses telephone logs and/or electronic records of its communications with Plaintiff.

31. Upon information and belief, Defendant possesses recordings of its communications with Plaintiff.

32. During the communications representatives, employees and/or agents of the Defendant failed to meaningfully disclose the caller's identity in violation of 15 U.S.C. §1692d preface and d(6).

33. During the communications representatives, employees and/or agents of the Defendant failed to identify itself as a debt collector and that it was an attempt to collect a debt in violation of 15 U.S.C. §1692e preface and e(11).

34. During the communications, Defendant's agents falsely stated that "[we] need you to contact our office immediately" creating a false sense of urgency in violation of 15 U.S.C. § 1692e preface and e(11) .

35. Pursuant to FDCPA § 1692k the Plaintiff is entitled to damages, reasonable attorney's fees and costs.

## **RESPONDEAT SUPERIOR**

36. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF